IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 3:10-CR-00029-3 |
| v. | **MEMORANDUM OPINION** |
| ANGELICA BECERRA | JUDGE NORMAN K. MOON |

This matter comes before me on Defendant's motion, filed by counsel, which states, in pertinent part, that

> [t]he defendant, Angelica Becerra, by counsel, for her Motion to Permit Defendant's Attorney to Disclose Presentence Report, respectfully moves the Court to permit her attorney to disclose her Presentence Investigation Report to Michael J. Frantz, Director, Federal Prison Consultant, Jail Time Consulting, LLC. Ms. Becerra has retained the services [of] Mr. Frantz to address issues relating to her incarceration and release, and he has requested a copy of the Presentence Investigation Report.

The motion adds that "[t]here is no objection by the government."

To the extent the motion seeks permission for Defendant's counsel to give "a copy of the Presentence Investigation Report" to an outside third party, it must be denied.

Rule 32(e) of the Federal Rules of Criminal Procedure authorizes the release of a presentence investigation report to the defendant, the defendant's attorney, the government's attorney, and the court, implying that those are the only parties with access, and courts have accordingly declined to extend access beyond these limits.[1] *See U.S. Dept. of Justice v. Julian*,

---

[1] In general, Rule 32(c)(1)(A) of the Federal Rules of Criminal Procedure requires that "[t]he probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence . . . ."

(continued...)

486 U.S. 1, 12 (1988). Presentence reports are not considered judicial records to which the public has a right of access. *See*, *e.g.*, *In re Siler*, 571 F.3d 604, 610 (6th Cir. 2009) (presentence reports are not court documents; they are documents prepared by and maintained by the United States Probation Office, and they are released to courts for the limited purpose of sentencing); *United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir. 1989) ("Only where a compelling, particularized need for disclosure is shown should the district court disclose [a presentence] report; even then, however, the court should limit disclosure to those portions of the report which are directly relevant to the demonstrated need."); *United States v. McKnight*, 771 F.2d 388, 391 (8th Cir. 1985) ("Generally, pre-sentence reports are considered as confidential reports to the court and are not considered public records, except to the extent that they or portions of them are placed on the court record or authorized for disclosure to serve the interests of justice.").

Here, Defendant has not shown a compelling, particularized need for a private, outside third party to be given a copy of the presentence investigation report. *See Julian*, 486 U.S. at 12 (observing that "the courts have typically required some showing of *special need* before they will allow a third party to obtain a copy of the presentence report" (emphasis added))[2]; *see also*

---

[1](...continued)
This Court's standing order XI.A.3, entered on July 6, 1989, provides that

> all pre-sentence reports in criminal cases . . . shall be retained in the Probation Office until appeal . . . . Following notice of appeal, a copy of the pre-sentence report shall be furnished by the Probation Office to the Clerk's Office to be SEALED and forwarded to the Court of Appeals as part of the official court records.

The Local Rules of this Court provide that "[a] sealed document is a document to which access other than by the Court or authorized court personnel is prohibited or restricted." W.D. Va. Gen. R. 9(a). The Local Rules further provide that "[n]o motion or order is required for the filing under seal of," *inter alia*, presentence investigation reports, *see* W.D. Va. Gen. R. 9(k)(3), and presentence investigation reports are not listed in W.D. Va. Gen. R. 9(h), which provides for the unsealing of documents.

[2] The Supreme Court reasoned in *U.S. Dept. of Justice v. Julian*, 486 U.S. 1 (1988) that

(continued...)

*United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1174-76 (2nd Cir. 1983) (concluding that a report may not be disclosed "in the absence of a compelling demonstration that disclosure of the report is required to meet the ends of justice"). As an inmate in the Bureau of Prisons ("BOP"), Defendant is provided access to the report, is permitted to make notes from it, and can convey the pertinent information to Mr. Frantz herself.[3] *See* BOP Program Statement 1351.05, "Release of Information."[4]

Accordingly, Defendant's motion will be denied. The Clerk of the Court will forward a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

**ENTERED**: This 1st day of March, 2013.



NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2](...continued)

the courts have been very reluctant to give *third* parties access to the presentence investigation report prepared for some other individual or individuals. . . . [O]ne reason for this is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report. . . . A second reason is the need to protect the confidentiality of the information contained in the report.

486 U.S. at 12 (citations omitted).

[3] As an indigent defendant, Defendant enjoyed court-appointed counsel, and I found that she was unable to pay the applicable fine, but Defendant has now "retained the services [of] Mr. Frantz," a private, outside third party unaffiliated with any party to whom disclosure is authorized by Rule 32(e).

[4] As the presentence investigation report states, disclosure of the report

to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court *solely* to assist administering the offender's prison sentence (*i.e.*, classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorist activities.

(Emphasis added.)

-3-